UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOEL A. MELGAR-CRUZ,

Petitioner,

v.

KRISTI NOEM, *Secretary of the Department of Homeland Security*; TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*, in their official capacity; KENNETH GENALO, *Field Office Director of the New York Field Office of U.S. Immigration and Customs Enforcement*, in their official capacity; PAUL ARTETA, *Sherriff of Orange County, New York, and Warden of the Orange County Correctional Facility*, in his official capacity;

Respondents.

26-CV-2222

<u>ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

On February 9, 2026, Petitioner Joel A. Melgar-Cruz, a El Salvadoran national who entered the United States in 2006 without apprehension, was detained by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 ("Pet.") ¶¶ 1–2, 15. He requested a custody redetermination hearing before an Immigration Judge on March 2, 2026. *Id.* ¶ 22. That request was denied on March 12, 2026. *Id.* ¶ 23.

On March 18, 2026, while Mr. Aguilar Jimenez was in this District, he filed a petition for a writ of habeas corpus seeking immediate release from custody. *Id.* ¶¶ 12, 24. On March 23, 2026, the Government filed its response, acknowledging that this Court's decisions in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) and *Sandoval Abzun v. Genalo*, 2026 WL 100028 (S.D.N.Y. Jan. 14, 2026) would "control the result in this case if the Court adheres to them." Dkt. 4 ("Gov. Opp'n"), at 2.

The Court adheres to its prior rulings. The circumstances of Mr. Melgar-Cruz's detention

are similar to those considered by this Court in *Rivera Esperanza* and *Sandoval Abzun* in all relevant respects. In those cases, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6; *Sandoval Abzun*, 2026 100028, at *1. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Rivera Esperanza*, 2025 WL 3513983, at *7–8; *Sandoval Abzun*, 2026 100028, at *1. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Rivera Esperanza*, 2025 WL 3513983, at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)); *Sandoval Abzun*, 2026 100028, at *1.

The Court reaches the same conclusions here: Mr. Melgar-Cruz's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza* and *Sandoval Abzun*, the Court thus grants the Petition and orders Mr. Melgar-Cruz's release from custody within 24 hours of the date of this Order.

It is true that unlike in *Rivera Esperanza* and *Sandoval Abzun*, Mr. Melgar-Cruz has pled guilty to assault in the third degree, a misdemeanor. *See* N.Y.P.L. § 120.00(1); Dkt. 4, Ex. 2 ("RAP Sheet"), at 8–9. He has additionally pled guilty to second-degree criminal contempt, also a misdemeanor. *See* N.Y.P.L. § 215.50; RAP Sheet at 11. Mr. Melgar-Cruz's misdemeanor pleas, however, do not alter the illegality of the Government's actions. Indeed, the government acknowledges that Mr. Melgar-Cruz's record does not "appear to" contain any "predicates for mandatory detention under § 1226(a)." Gov. Opp'n at 3 n.1. To the extent the Government seeks

to re-arrest or detain Mr. Melgar-Cruz, it must do so in a manner consistent with the law, which here is set forth by 8 U.S.C. § 1226(a) and its concomitant procedures.

For the reasons stated above, Mr. Melgar-Cruz's Petition is granted.  The Government is ordered to release him from custody within 24 hours of the entry of this order.  It shall further certify compliance with the Court's order by promptly filing confirmation of his release on the docket.  The Clerk of Court is hereby respectfully directed to terminate this case and any pending motions, and enter judgment for Petitioner.

SO ORDERED.

Dated:   March 31, 2026
      New York, New York

Ronnie Abrams
United States District Judge

3